UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| GARY CROWE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civ. 09-3030-KES<br>(CR 08-30033-KES)<br><br><br>ORDER DENYING<br>MOTION |

Petitioner, Gary Crowe, moves pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent opposes his motion.

**BACKGROUND**

Crowe was indicted for one count of conspiracy to distribute or possess with intention to distribute marijuana and two counts of distribution of marijuana on April 23, 2008. On April 30, 2008, Crowe made his initial appearance before Magistrate Judge Mark Moreno. His arraignment was May 6, 2008. On September 4, 2008, Magistrate Judge Moreno held a hearing on Crowe's motion to suppress statements he made to federal law enforcement officers. Crowe's attorney argued that Crowe's waiver of his *Miranda* rights was not knowing and voluntary and that the officers illegally searched Crowe's residence. On September 8, 2008,

Magistrate Judge Moreno issued his oral report and recommended that Crowe's statements be admitted. CR Docket 43.

On September 18, 2008, a non-binding plea agreement and factual basis statement were filed. CR Docket 47-49. On October 14, 2008, Crowe appeared before the court for a change of plea hearing and pleaded guilty to Count I of the indictment, which reads:

> On or between the first day of January, 1997, and the 1st day of February, 2008, Gary Crowe did knowingly and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 846.

CR Docket 1. During the change of plea hearing, Crowe acknowledged receiving a copy of the indictment and discussing the charges against him with his attorney. Docket 9-2 at 4-5. He asserted that he understood the plea agreement and had discussed it with his attorney. *Id.* Moreover, the court advised him of the essential elements of the offense to which he was pleading guilty. *Id.* In addition to the plea agreement, the parties entered into a written factual basis statement. CR Docket 49. The factual basis statement advised Crowe that at least 80 but less than 100 kilograms of marijuana were attributed to the conspiracy. *Id.* The presentence report held Crowe accountable for the same amount; Crowe did not object to the drug quantity in either. Docket 9 at 5.

Crowe filed a Notice of Appeal on February 11, 2009. Respondent moved for a dismissal of the appeal because Crowe waived his right to appeal if he received a sentence within the advisory guideline range. On March 12, 2009, the Eighth Circuit dismissed his appeal.

On November 23, 2009, Crowe filed this motion to vacate, set aside, or correct sentence. In his submissions to the court, Crowe argues that he was not aware that he was charged with a conspiracy to distribute or possess marijuana and that he believed the drug quantity attributed to him was 100 grams, rather than 100 kilograms. Docket 1. Crowe asserts that his plea was not knowing and voluntary as a result of these mistakes. *Id.* He also argues that he received ineffective assistance of counsel. Docket 10. Respondent argues that Crowe's plea was knowing and voluntary. Docket 9.

## DISCUSSION

Section 2255 provides that a federal prisoner may move to vacate, set aside, or correct his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. But "[a] § 2255 motion is not a substitute for direct appeal." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). Thus, § 2255 claims may be limited by procedural default. *Id.* While procedural default is an affirmative defense, a "federal court, in the exercise of its judicial discretion, may address procedural default despite the failure of the [government] to

preserve or present the issue properly." *King v. Kemna*, 266 F.3d 816, 822 (8th Cir. 2001) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261-62 (4th Cir. 1999)). Thus, this court considers whether Crowe has procedurally defaulted his claims.

The procedural default rule applies to a conviction obtained via a guilty plea. *Kowal v. United States*, No. 09-0125, 2010 WL 2265699, at *3 n.5 (N.D. Iowa June 3, 2010) ("The procedural default rule applies to a conviction obtained through trial or the entry of a guilty plea."). *See also United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998) (noting that a guilty plea waives all non-jurisdictional claims arising from pre-plea events); *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 965 (W.D. Mo. 2008) (noting that because criminal defendants may waive their post-conviction rights the filing of a § 2255 motion may be in violation of the terms of a plea agreement); *Abney v. United States*, No.4:07CV01240 2008 WL 1913974, at *1 (E.D. Mo. Apr. 25, 2008) (holding that a § 2255 motion failed because the petitioner waived the arguments he was raising in his plea agreement). Crowe's direct appeal was dismissed because he waived his right to appeal unless he received a sentence outside of the guideline range. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a habeas action only if the

defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Crowe did not raise the issue of whether his plea was knowing and voluntary on direct appeal. As a result, the claim is procedurally defaulted. Crowe has not argued that he is actually innocent, but rather disputes the drug amount attributed to him in the plea agreement and factual basis statement. Nor has he argued cause and actual prejudice. Thus, Crowe's claim that his plea was not knowing and voluntary is procedurally defaulted for failure to raise the issue on direct review. This claim is dismissed.

Ineffective assistance of counsel claims are treated differently. The Eighth Circuit ordinarily defers those claims to § 2255 proceedings. *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("Except where a miscarriage of justice would obviously result or the outcome would be inconsistent with substantial justice, ineffective assistance of counsel issues are more appropriately raised in collateral proceedings . . ."). Thus, the court will consider the merits of Crowe's ineffective assistance of counsel claim.

Crowe asserts several grounds for his claim of ineffective assistance of counsel. He argues that his counsel was ineffective in failing to present certain facts in his motion to exclude Crowe's confession. Specifically, Crowe states "surely this Court would have felt differently about the voluntariness of the alleged confession if counsel had provided all of the relevant factors

which weighed on the matter." Docket 10 at 7. Crowe also alleges that he was not shown the factual basis statement, but was asked to sign it, and that he was not shown the presentence report. *Id.* at 10-11.

In order to prevail on his ineffective assistance of counsel claims, Crowe must demonstrate that his trial counsel's performance both was professionally deficient and that it prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Because of the problems inherent in hindsight analysis, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005). To show prejudice, Crowe must demonstrate that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Crowe first argues that his counsel failed to present evidence of his marijuana use on the day of the confession and his injuries. Specifically, Crowe argues that the motion to suppress said nothing about the bursting of the surgical mesh in his abdomen [Crowe had undergone surgery prior to his arrest] and that he had smoked three joints, rather than just one. Docket 10 at 6. Crowe argues that if the court had been presented with these facts, it would not have found that his statements were voluntary. *Id.*

"A confession is voluntary if it is 'the product of an essentially free and unconstrained choice by its maker.' " *United States v. New,* 491 F.3d 369,

6

374 (8th Cir. 2007) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973)). In contrast, an involuntary statement is one that "was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." *United States v. LeBrun*, 363 F.3d 715, 724 (8th Cir. 2004). Voluntariness is judged by the totality of the circumstances; this includes examination of the conduct of officers and the characteristics of the accused. *Id.*

Crowe's attorney did argue that Crowe's statement was involuntary, pointing out that the officers had "kicked a sixty-seven year old man in the peroneal nerve in the leg knocking him to the ground." CR Docket 28 at 6. His counsel also argued that Crowe "lacked the capacity to resist pressure, as he had admittedly been smoking marijuana just prior to the arrival of the officers." *Id.* Thus, Crowe's counsel did argue that Crowe's injuries and drug use impacted his ability to make a knowing and voluntary statement. Even assuming for purpose of argument that the actions of Crowe's counsel fell below the standard of reasonably effective assistance because he failed to present the fact that Crowe had smoked three joints of marijuana rather than one and that his abdomen was injured, Crowe cannot prevail on this claim because he cannot show prejudice. That is, he cannot show a reasonable likelihood of a different outcome. *Strickland*, 466 U.S. at 694.

While Crowe argues that he was under the influence of marijuana at the time of his statements, the court found that while he had smoked marijuana earlier that day, he was not under the influence. CR Docket 43 at 8. In reaching this conclusion, the court relied on the testimony of the officers that Crowe appeared to comprehend what was going on and answered questions logically. *Id.* He did not have bloodshot eyes or dilated pupils. *Id.* Furthermore, Crowe himself indicated that he was not under the influence, but was fine. *Id.* Given these facts, there is no indication that Crowe's statement was not the product of a rational intellect and free will. A confession made by a person under the influence of drugs is not per se involuntary. *United States v. Harden*, 480 F.2d 649, 651 (8th Cir. 1973). Rather, a court must examine the circumstances and the defendants' behavior to determine whether the statement was voluntary. *Id.* Here, the court did so. Moreover, it is the defendant's burden to show that his will was overborne because of intoxication. *United States v. Howard*, 532 F.3d 755, 763 (8th Cir. 2008). Crowe did not meet his burden and adding two additional marijuana joints to the quantity would not change the outcome.

Second, Crowe asserts that his statements would have been suppressed if his attorney had told the court that the surgical mesh in his abdomen burst when he was kneed to the ground by the officers. His attorney did make the court aware of Crowe's age and the fact that he had

8

been knocked to the ground when he physically resisted the officers. Adding the fact that his abdomen was injured as a result is unlikely to change the outcome. *See, e.g., United States v. Warbritton*, 360 Fed. App'x 698, 699 (8th Cir. 2010) (holding that defendant's statement made while intoxicated and injured from vehicle accident was not involuntary because there was no evidence of coercive tactics by police officers or that defendant's will was overborne); *New*, 491 F.3d at 374 (holding that defendant's confession made during an interview with police in the defendant's hospital room while he was medicated and physically helpless was not involuntary); *Harden*, 480 F.3d at 651-52 (holding that a defendant's statements were not involuntary despite making them while going through drug withdrawal and after being administered Demerol). Thus, Crowe has failed to show that his will was overborne.

Crowe has also failed to show any coercive conduct by the law enforcement officers. "A confession may not be found involuntary absent some type of coercive activity on the part of law enforcement officials." *United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996). Here, law enforcement officials engaged in no coercive conduct. Crowe claims they threatened him not to report that he had been thrown down. But both law enforcement officials testified at the suppression hearing that Crowe was brought to the ground. CR Docket 43 at 5. Moreover, both law enforcement

9

officials characterized the tone of the interview as "pleasant and non-confrontational." *Id.* This is hardly consistent with Crowe's version of events. At the time of his statements, Crowe was by his own admission a convicted felon. He was notified of the rights he was waiving and understood that the officers were investigating him for marijuana. Crowe has not shown any coercive conduct by law enforcement or that his will was overborne. Accordingly, Crowe has not shown that but for the factual omissions by his attorney, the result of the suppression hearing would be different. Thus, his claim fails.

Third, Crowe asserts his attorney was ineffective in failing to give Crowe an opportunity to read the factual basis statement and failing to show the presentence report to Crowe. But the record belies these contentions. During the plea hearing, the court asked Crowe if he had read the factual basis statement before he signed it. Docket 9-2 at 12. Crowe indicated, under oath, that he had read the factual basis statement and that everything in it was the truth. *Id.* A review of the sentencing hearing transcript indicates that Crowe's lawyer raised several objections to the report on behalf of his client. CR Docket 63. This is directly contrary to Crowe's contention that he had never seen the presentence report. "[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent

collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Given the conflict between Crowe's sworn testimony and the facts he now asserts, the court accepts his sworn testimony. Because Crowe cannot overcome the presumption of veracity in his sworn representations to the court, he cannot demonstrate that his counsel was ineffective. Accordingly, it is

ORDERED that Crowe's motion to vacate, set aside or correct sentence (Docket 1) is denied.

Dated December 8, 2010.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE