UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| GARY CROWE, | ) | Civ. 09-3030-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | CERTIFICATE OF |
| UNITED STATES OF AMERICA, | ) | APPEALABILITY |
| | ) | |
| Respondent. | ) | |

Petitioner, Gary Crowe, seeks a certificate of appealability on the denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This court denied Crowe's pro se motion on December 8, 2010.

## DISCUSSION

Crowe may not appeal the denial of his motion under 28 U.S.C. § 2255 unless he receives a certificate of appealability. 28 U.S.C. § 2253(c)(1). Crowe must make "a substantial showing of the denial of a constitutional right" to receive a certificate of appealability. *Id.* § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009) (citing *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997)).

Crowe asks this court to certify the following issues for appeal: "whether the testimony of an officer, which was self-serving in itself,

outweighs clinical evidence of Appellant's state of mind at the time of his alleged confession; whether the plea could remotely be deemed voluntary and knowing when Appellant was suffering from mental trauma which was so bad that the grand jury would not hear his testimony; and whether the court erred in refusing to examine the evidence which supported his grounds for seeking a reversal of his plea acceptance and sentence." Docket 20 at 1-3.

## I. Officer's Testimony v. Clinical Evidence of State of Mind

Crowe first seeks a certificate of appealability on the question "whether the testimony of an officer, which was self-serving in itself, outweighs clinical evidence of Appellant's state of mind at the time of his alleged confession." Docket 20 at 1. But Crowe did not make this argument in his motion. *See* Docket 1. Even if Crowe had explicitly made this argument in his motion and response brief, the claim would have been procedurally defaulted because he failed to raise it on direct appeal. As discussed *infra*, no certificate of appealability should issue on a claim that is procedurally barred.

In his response to the government's reply, Crow did argue that his counsel was ineffective in failing to adequately present to the court his marijuana usage and an injury he sustained while resisting officers on the day of his confession. Because ineffective assistance of counsel claims may

be raised for the first time in a § 2255 motion, the court did analyze the merits of that claim. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).

In order to receive a certificate of appealability on this issue, Crowe must make a substantial showing that his counsel fell short of Sixth Amendment standards and that but for this shortcoming, the result of the suppression hearing would have been different. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) (denying certificate of probable cause on claims of ineffective assistance of counsel). Crowe argues that the fact he smoked 3 joints of marijuana rather than 1 joint and the "beating" he received would have changed the result of the suppression hearing if his counsel had adequately presented them. See Docket 20 at 2. But his attorney did present evidence of his drug use and injuries to the court. Moreover, even if the evidence had been presented in the manner Crowe suggests, the result of the suppression hearing would not have been different. Thus, reasonable jurists could not differ in finding that Crowe did not receive ineffective assistance of counsel. Accordingly, the certificate of appealability is denied.

## II. Voluntariness of the Plea

This court dismissed Crowe's argument that his plea was not knowing and voluntary because it was not raised on direct appeal. In his plea agreement, Crowe waived the right to appeal unless he received a sentence

outside of the advisory guideline range. Crowe did file a direct appeal that was dismissed because of the language of the appeal waiver. Thus, Crowe procedurally defaulted on these issues. Crowe did not demonstrate cause and actual prejudice or actual innocence to excuse his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a habeas action only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case," no certificate of appealability should issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *Accord Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006) (holding it was error for a district court to grant a certificate of appealability where issue was procedurally defaulted and petitioner did not argue that there was cause and prejudice to excuse his procedural default). Because Crowe's claim was procedurally defaulted, he has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability is issued.

### III. Denial of Evidentiary Hearing

Crowe also seeks a certificate of appealability on the denial of an evidentiary hearing on his § 2255 motion. Magistrate Judge John Simko

4

denied Crowe's requests for an evidentiary hearing on September 28, 2010. Docket 14. In his requests and in his motion seeking a certificate of appealability, Crowe asserted that he had "documentary evidence of his medical and emotional state of mind" at the time of his plea. Docket 20 at 3. But a review of the transcript of Crowe's plea hearing demonstrates that the district court questioned him as to the voluntariness of his plea and his state of mind. At no time did Crowe assert that his plea was involuntary or that his mental health was interfering with his ability to understand the proceedings.

A prisoner is generally entitled to an evidentiary hearing on a § 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255. But no evidentiary hearing is required when "the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The transcript of Crowe's plea proceeding contradicted his allegations that his plea was not voluntary or knowing. An evidentiary hearing is not required when the allegations made "amount to no more than a bare contradiction of statements petitioner made when . . . he plead guilty." *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989). *See also Smith v. United States*, 618 F.2d 507, 510 (8th Cir. 1980) ("[T]he district

5

court correctly denied an evidentiary hearing on claims which were refuted by the transcript of plea proceedings, such as the allegations of a coerced guilty plea, an invalid plea bargain, insufficient evidence to support the plea, and inadequate assistance of counsel in understanding the plea."). Thus, because the transcript of Crowe's plea hearing refuted his claim that his plea was not knowing or voluntary, Magistrate Judge Simko's denial of an evidentiary hearing was warranted. Therefore, Crowe has failed to make a substantial showing of the denial of a constitutional right and no certificate of appealability is issued.

## CONCLUSION

Because Crowe has not made a substantial showing of the denial of a constitutional right, it is

ORDERED that Crowe's motion for a certificate of appealability (Docket 20) is denied and no certificate of appealability is issued.

Dated January 28, 2011.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        CHIEF JUDGE